# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| KERRY DWAYNE NATION | CIVIL ACTION NO. 09-32-P |
| VERSUS | JUDGE HICKS |
| JAY WILLIAMS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kerry Nation ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 7, 2009. Plaintiff complains his civil rights were violated by prison officials while incarcerated at the Bossier Parish Maximum Security Facility in Plain Dealing, Louisiana. He names Jay Williams, Kevin Driver, Steven Friedman, the US Attorney for the Western District of Louisiana and the US Marshall, Monroe Division as defendants.

On March 3, 2009, this Court ordered Plaintiff to file, within 30 days of the service of the order, an amended complaint. The Court granted Plaintiff an extension until May 6, 2009, to comply with the order. However, that order was returned to this Court on April 16, 2009 by the United States Postal Service marked "Return To

Sender-Unable to Locate." To date, Plaintiff has not informed this Court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 15th day of June, 2009.

                                               MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE